# 08 CV 02745

Brad D. Rose, Esq. (BR 2740)  brose@pryorcashman.com
Ilene S. Farkas, Esq. (IF 3212)  ifarkas@pryorcashman.com
Nicole E. Kaplan, Esq. (NK 6478)  nkaplan@pryorcashman.com
Pryor Cashman LLP
410 Park Avenue
New York, New York 10022

Attorneys for Plaintiff
Phat Fashions LLC

RECEIVED
MAR 1 4 2008
U.S.D.C. S.D N.Y.
CASHIER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------X
PHAT FASHIONS LLC,                       :
                                         :
            Plaintiff,                   :        Civil Action No.
                                         :
v.                                       :        ECF Case
                                         :
VICTORIA'S SECRET STORES BRAND           :        COMPLAINT
MANAGEMENT, INC.,                        :        Trial By Jury Is Demanded
                                         :
            Defendant.                   :
----------------------------------------------------------X
```

Plaintiff Phat Fashions, LLC ("Phat Fashions") as and for its Complaint against Defendant VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      Phat Fashions seeks injunctive relief and damages based on Defendant's infringement and dilution of Phat Fashions' P Laurel Leaf and Shield trademarks (  and , collectively referred to herein as the P Laurel Leaf and Shield Trademark), as well as unfair competition.

## THE PARTIES

2.    Plaintiff Phat Fashions is a limited liability company duly organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 512 Seventh Avenue, New York, NY 10018.

3.    Upon information and belief, Defendant Victoria's Secret Stores Brand Management, Inc. is a Delaware corporation, having a principal place of business at 4 Limited Parkway, Reynoldsburg, Ohio 43068.

## JURISDICTION AND VENUE

4.    The action arises under the Lanham Act, 15 U.S.C. §§ 1125, New York General Business Law Sections 133, 368-*l* and 349 and the common law of the State of New York.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C §§ 1331 and 1338 and pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and §1400(a) because Defendant may be found in this District and a substantial part of the events giving rise to the claims herein occurred in this District.

## ALLEGATIONS COMMON TO ALL CLAIMS

**A.    Background of Phat Fashions and its Intellectual Property**

6.    Plaintiff, Phat Fashions, commenced business operations in 1992.  Since its inception almost 15 years ago, Phat Fashions has been continuously promoting and selling clothing and accessories under a family of PHAT trademarks.  Phat Fashions has made extensive, international use in commerce of its family of PHAT trademarks, including but not limited to its P and Leaf Design and P Laurel Leaf and Shield trademarks.  Moreover, Phat Fashions has expended several million dollars each year in advertising its marks and the goods

and services associated therewith, and has received unsolicited, worldwide publicity with respect to its business operations and famous brand names and marks.

7.    Phat Fashions has achieved a prominent position in the fashion industry, attributable to the high quality of its products sold under its family of PHAT trademarks, including its P and Leaf Design and P Laurel Leaf and Shield trademarks (⬤ and ⬤), as well as the popularity and success of its founder, Russell Simmons, the famous, entrepreneurial, entertainment industry executive and innovator who also founded the Def Jam Records label in the early 1980s and who has subsequently gone on to produce such hit films and television programs as "The Nutty Professor," "Russell Simmons' Def Comedy Jam" and, most recently, the HBO acclaimed series and Broadway show "Def Poetry Jam."

8.    In 1992, Mr. Simmons sought to bring into the mainstream the urban fashions and accessories that were being worn by the rap and "hip hop" music artists who had come to dominate the popular music charts on his Def Jam Records label, among others.  Simmons personally conceived of an upscale, trend-setting, high quality men's and boys' clothing line, marketed under unique and arbitrary names that would all emanate from a single, identifiable source known as "PHAT FARM®," which was a play on words using the hip-hop vernacular term for something that is excellent, cool and stylish and/or, as Mr. Simmons referred to fashion forward designs, "Pretty Hot And Tempting" ("Phat"), and the phrase "fat farm."

9.    PHAT FARM® is one of Phat Fashions' flagship brands.  In addition to PHAT FARM®, Phat Fashions also markets co-brands such as its widely popular woman's line, BABY PHAT®.  Plaintiff's marketing and advertising strategies are designed to communicate to consumers that PHAT FARM® and BABY PHAT® are part of the same family of products and emanate from the same source - Phat Fashions.

3

10.    Phat Fashions is the owner of the following marks that incorporate either or both of the P and Leaf Design and P Leaf and Shield Design trademarks:  P Leaf Design® (Reg. Nos. 2802598 (Class 18), 3018211 (Class 9), 2528508 (Class 25), 2610656 (Class 3)); P Leaf and Shield® (Reg. Nos. 3018212 (Class 9), 2600979 (Class 25), 3085753 (Class 25), 3021315 (Class 18)); P Flag® (Reg. No. 2487976 (Classes 18 and 25)); PHAT FARM with P Leaf and Shield Design® (Reg. No. 3184177 (Class 25)); PHAT P FARM and Design® (Reg. Nos. 3116645 (Class 9) and 2485552 (Classes 18 and 25)).

11.    Moreover, Phat Fashions owns the following trademark applications:  P Leaf Design™ (Ser. Nos. 78/750687 (Class 24), 78/750424 (Class 20) and 78/750579 (Class 21)); P Laurel Leaf and Shield™ (Ser. No. 78/900319 (Class 25)); P Leaf & Shield Design™ (Ser. Nos. 78/750702 (Class 24), 78/750458 (Class 20), 78/750594 (Class 21)); P Laurel Leaf and Shield™ (Ser. Nos. 78/818100 (Class 25), 78/818088 (Class 3), 78/818091 (Class 18)); P Flag™ (Ser. No. 78/750586 (Class 21), 78/750695 (Class 24), 78/750432 (Class 20)).  These marks and those identified in Paragraph 10 are collectively referred to herein as the "P and Design Trademarks."

12.    Phat Fashions and/or its licensees have prominently used one or more of the P and Design Trademarks prominently with all of the products marketed and sold under the PHAT FARM® brand.  Accordingly, consumers who observe the P and Design Trademarks, including

the P Laurel Leaf and Shield Trademark, on merchandise immediately associate those marks with Phat Fashions and its famous products.

13.    Phat Fashions has spent considerable sums advertising and promoting its P and Design Trademarks.  Because of the international renown acquired by the P and Design Trademarks, coupled with the extensive geographic distribution and vast sales of products bearing those marks, the P and Design Trademarks have acquired secondary meaning in the mind of the purchasing public and the goods and services associated therewith have attained enormous goodwill throughout the United States, New York State and this District.

14.    Phat Fashions' clothing, bags, merchandise and fashion accessories bearing the P and Design Trademarks have received widespread media attention from national publications, such as *The New York Times, New York Magazine, The New York Daily News, People Magazine, Cosmopolitan, Harper's Bazaar, Elle, The New Yorker, The Source, i-D Magazine, HHC (Hip-Hop Connection)*, and several others.

15.    As a result of Phat Fashions' exacting standards, tremendous sales, vigorous promotion of its trademarks and the publicity generated for the P and Design Trademarks, including the P Laurel Leaf and Shield Trademark, by the celebrities who prominently wear Phat Fashions' products, Phat Fashions' clothing, merchandise and fashion accessories offered under these trademarks, as well as the trademarks themselves, have come to symbolize quality in the eyes of the consuming public.

16.    Phat Fashions vigorously protects the P and Design Trademarks and specifically the P Laurel Leaf and Shield Trademark worldwide in order to thwart any potential loss of the distinctiveness of these marks and to prevent confusion in the marketplace between Phat

Fashions' trademarks and genuine Phat Fashions' products on the one hand, and the marks and products of unaffiliated third parties on the other hand.

**B.**     **Defendant's Infringing Use of the P Laurel Leaf and Shield Trademark**

17.     As stated above, Phat Fashions is renowned for both its men's clothing line and its women's clothing line, BABY PHAT®. In fact, Phat Fashions markets and sells its merchandise in such a way as to create an indelible association between its men's and women's lines so that any time a consumer sees either one of Phat Fashions' brands, it will immediately identify it with the other and with the common source, Phat Fashions.

18.     Phat Fashions sells clothing and fashion accessories bearing the P Laurel Leaf and Shield Trademark (Examples of such uses are attached hereto as Exhibit A).

19.     Phat Fashions has never authorized Defendant to manufacture, produce, distribute, sell or offer for sale any goods bearing the P Laurel Leaf and Shield Trademark or any colorable imitation thereof.

20.     However, Phat Fashions has recently learned that Defendant knowingly and willfully sells, distributes, manufactures, imports, advertises and/or promotes clothing and fashion accessories bearing infringing reproductions of the P Laurel Leaf and Shield Trademark in interstate and intrastate commerce, including commerce in the State of New York and this Judicial District ("Infringing Merchandise"). Examples of the Infringing Merchandise sold by Defendant are attached hereto as Exhibit B.

21.     As illustrated below, the Infringing Merchandise sold and distributed by Defendant has confusingly similar markings and designs as Phat Fashions' merchandise bearing the P Laurel Leaf and Shield Trademark. For example:

Defendant's use:      Phat Fashions' mark: 

22.     Defendant's unauthorized imitations of the P Laurel Leaf and Shield Trademark are deceptively and confusingly similar to Phat Fashions' authentic P Laurel Leaf and Shield Trademark and will likely mislead consumers by giving the impression that the Infringing Merchandise is genuine Phat Fashions' merchandise, when in fact it is not. Defendant is selling the Infringing Merchandise, which is the same as or closely related to merchandise sold by Phat Fashions, using a mark that is confusingly similar to Phat Fashions' P Laurel Leaf and Shield Trademark.

23.     Upon information and belief, the unauthorized Infringing Merchandise sold by Defendant that bears confusingly similar imitations of the P Laurel Leaf and Shield Trademark is calculated to deceive the purchasing public into believing that the Infringing Merchandise is manufactured, sold, authorized by or affiliated with Phat Fashions.

24.     On February 7, 2008, attorneys for Phat Fashions sent Defendant a letter detailing Phat Fashions' rights and demanding that Defendant cease and desist from further infringement. Defendant refused to comply with Phat Fashions' demands.

25.     Since receiving Phat Fashions' letter, Defendant has continued to sell and distribute the Infringing Merchandise in the face of and with full knowledge of Phat Fashions' rights in and to the P Laurel Leaf and Shield Trademark in connection with clothing, fashion accessories and other merchandise.

## FIRST CLAIM FOR RELIEF

### (Unfair Competition and
### False Designation of Origin Under 15 U.S.C. §1125(a))

26.    Phat Fashions repeats and re-alleges the allegations in Paragraphs 1 through 25 above as if fully set forth herein.

27.    Defendant is using a mark that is confusingly similar to Phat Fashions' P Laurel Leaf and Shield Trademark on the same type of goods for which Phat Fashions is famous (apparel and fashion accessories).

28.    The actions complained of herein constitute false designations of origin that are likely to cause confusion or to deceive consumers as to the affiliation, connection or association of Phat Fashions and/or its P Laurel Leaf and Shield Trademark with Defendant, and as to the origin, sponsorship and/or approval of Defendant's Infringing Merchandise.

29.    The foregoing acts of Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

30.    By reason of all the foregoing, Phat Fashions is being irreparably harmed by Defendant's willful use of a mark that is confusingly similar to the P Laurel Leaf and Shield Trademark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using, selling or distributing products bearing this trademark and/or colorable imitations thereof. Damages alone are insufficient to redress Defendant's illegal conduct.

31.    Phat Fashions has no adequate remedy at law.

32.    In addition to injunctive relief, Phat Fashions is entitled to all damages it has sustained in an amount to be determined at trial, Defendant's profits and gains as a result of its unfair competition described above and costs of this action pursuant to §1117(a).

33.    Because of the exceptional nature of this case and the willful violations of Defendant in this matter, Phat Fashions is also entitled to reasonable attorneys' fees pursuant to §1117(a).

## SECOND CLAIM FOR RELIEF

### (Trademark Dilution Under 15 U.S.C. §1125 (c))

34.    Phat Fashions repeats and re-alleges the allegations in paragraphs 1 through 33 above as if fully set forth herein.

35.    Phat Fashions' marks are famous marks within the meaning of 15 U.S.C. §1125(c)(1) and were famous marks prior to Defendant's conduct complained of herein.

36.    Phat Fashions' P and Design Trademarks (including the P Laurel Leaf and Shield Design Trademark) are famous by virtue of the substantial inherent and acquired distinctiveness thereto, Phat Fashions' extensive use, advertising and publicity of the marks on a wide variety of products that has resulted in strong and widespread recognition of the marks.

37.    Defendant's use of the P Laurel Leaf and Shield Trademark on and in connection with the sale and distribution of the Infringing Merchandise dilutes the strength and distinctive quality of Phat Fashions' famous trademark and lessens the capacity of that trademark to identify and distinguish Phat Fashions' products.

38.    The acts and conduct complained of herein constitute willful and deliberate dilution of Phat Fashions' P Laurel Leaf and Shield Trademark.

39.    The foregoing acts of Defendant constitute a violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

40.    By reason of all the foregoing, Phat Fashions is being irreparably harmed by Defendant's willful use of virtually identical reproductions of the P Laurel Leaf and Shield

Trademark in the manner set forth above and will continue to be harmed unless Defendant is immediately enjoined from using the designation and/or confusingly similar imitations thereof, as damages alone are insufficient to redress Defendant's illegal conduct.

41.    Phat Fashions has no adequate remedy at law.

42.    In addition to injunctive relief, Phat Fashions is entitled to all damages it has sustained in an amount to be determined at trial, Defendant's profits and gains as a result of its willful dilution and costs of this action pursuant to §§ 1125(c)(5) and 1117(a).

43.    Because of the exceptional nature of this case and the willful violations of Defendant in this matter, Phat Fashions is also entitled to reasonable attorney fees pursuant to §1117(a).

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

44.    Phat Fashions repeats and re-alleges the allegations in paragraphs 1 through 25 above as if fully set forth herein.

45.    By reason of all of the foregoing, Phat Fashions has acquired common law trademark rights in its P and Design Trademarks and specifically the P Laurel Leaf and Shield Trademark in connection with apparel and fashion accessories.

46.    The actions of Defendant herein complained of are likely to create confusion and mistake and deceive consumers into believing that Defendant's infringing and unauthorized merchandise is licensed by, sponsored by or otherwise associated with Phat Fashions and/or its common law rights in the P Laurel Leaf and Shield Trademark.

47.    The foregoing acts of Defendant constitute willful and deliberate infringement of Phat Fashions' intellectual property in violation of the common law of the State of New York.

48.    By reason of all the foregoing, Phat Fashions is being irreparably harmed by Defendant's willful use of virtually identical reproductions of its P Laurel Leaf and Shield Trademark in the manner set forth above and will continue to be harmed unless Defendant is immediately enjoined from using this mark and/or confusingly similar reproductions of this mark as damages alone are insufficient to redress Defendant's illegal conduct.

49.    In addition to injunctive relief, Phat Fashions is entitled to all damages it has sustained in an amount to be determined at trial including but not limited to Defendant's profits and gains as a result of its infringing acts described above.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

50.    Phat Fashions repeats and realleges the allegations of paragraphs 1 through 25 of the Complaint as if fully set forth herein.

51.    Phat Fashions owns and enjoys common law trademark rights in the P and Design Trademarks and specifically the P Laurel Leaf and Shield Trademark in New York and throughout the United States.

52.    Phat Fashions has expended substantial time, resources and effort to develop and obtain an excellent reputation and good will for itself, its products, the P and Design Trademarks and especially the P Laurel Leaf and Shield Trademark.    Defendant's unlawful acts in appropriating rights in Phat Fashions' common law trademark were intended to capitalize on Phat Fashions' goodwill for Defendant's own pecuniary gain.    As a result of Phat Fashions' efforts, Defendant has been unjustly enriched and is benefiting from property rights that rightfully belong to Phat Fashions.

53.    Defendant's unauthorized use of confusingly similar reproductions of Phat Fashions' P Laurel Leaf and Shield Design Trademark on and in connection with the Infringing Merchandise has caused and is likely to cause confusion as to the source of Defendant's Infringing Merchandise, all to the detriment of Phat Fashions.

54.    Defendant's acts are willful, deliberate, and calculated to confuse the public and to injure Phat Fashions.

55.    Defendant's acts constitute unfair competition under New York common law.

56.    Phat Fashions has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct, as damages alone are insufficient to redress Defendant's illegal actions.

57.    In addition to its entitlement for injunctive relief prohibiting Defendant from using Phat Fashions' P Laurel Leaf and Shield Trademark, or any mark that is confusingly similar thereto, Phat Fashions is entitled to recover all damages that Phat Fashions has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known.

## FIFTH CLAIM FOR RELIEF

### (Trademark Infringement – N.Y. Gen. Bus. Law §133)

58.    Phat Fashions repeats and re-alleges the allegations in Paragraphs 1 through 25 above as if fully set forth herein.

59.    As set forth more fully above, Defendant's unauthorized use of Phat Fashions' P Laurel Leaf and Shield Trademark on its Infringing Merchandise is likely to create confusion and mistake and to deceive consumers into believing that Defendant's Infringing Merchandise is

authorized by, licensed by, sponsored by or otherwise associated with Phat Fashions when no such authorization, affiliation or sponsorship exists.

60.     The foregoing acts of Defendant constitute willful and deliberate infringement of Phat Fashions' P Laurel Leaf and Shield Trademark in violation of the common law of the State of New York and N.Y. Gen. Bus. Law §133.

61.     By reason of all the foregoing, Phat Fashions is being damaged by Defendant's willful use of the P Laurel Leaf and Shield Trademark in the manner set forth above and will continue to be damaged unless Defendant is immediately enjoined from using that mark.

62.     Phat Fashions will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.

63.     Phat Fashions has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (Violation of New York's Anti-Dilution Statute
### New York General Business Law Section 360-*l*)

64.     Phat Fashions repeats and realleges the allegations of Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

65.     Plaintiff's P and Design Trademarks and specifically the P Laurel Leaf and Shield Trademark, are distinctive marks in the State of New York by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of New York and the extensive advertising and widespread publicity of the marks in the State of New York.

66.     As a result of the P Laurel Leaf and Shield Trademark substantial inherent and acquired distinctiveness, extensive use in the State of New York and the extensive advertising and publicity of the mark in the State of New York, Phat Fashions' P Laurel Leaf and Shield Trademark has become strong and is famous.

67.     Phat Fashions' P Laurel Leaf and Shield Trademark, which Defendant copied, has become a distinctive symbol of the goodwill that has been engendered and associated with Phat Fashions' products and that represents significant and valuable proprietary assets to Phat Fashions.

68.     Defendant's unauthorized use of Phat Fashions' valuable trademark will dilute, tarnish and blur that mark.

69.     The actions of Defendant complained of herein have already injured and are likely to continue to injure the business reputation and dilute the distinctive quality of Phat Fashions' famous P Laurel Leaf and Shield Trademark.

70.     The foregoing acts of Defendant constitute dilution in violation of Section 360-*l* of the New York General Business Law.

71.     By reason of the foregoing, Phat Fashions has been and is being damaged by Defendant's unauthorized and illegal use of the P Laurel Leaf and Shield Trademark in the manner set forth above and will continue to be damaged unless Defendant is immediately enjoined under Section 360-*l* of the New York General Business Law from using the P Laurel Leaf and Shield Trademark.

72.     Phat Fashions will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.

73.     Phat Fashions has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

### (Unlawful Deceptive Acts and Practices
### New York General Business Law Section 349)

74.    Phat Fashions repeats and realleges the allegations of Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

75.    Defendant, without Phat Fashions' authorization or consent, and having knowledge of Phat Fashions' well-known and prior rights in and to the P Laurel Leaf and Shield Design Trademark and the fact that Defendant's Infringing Merchandise is confusingly similar to the products that Phat Fashions manufactures and sells and is famous for, have manufactured, advertised, distributed, offered for sale and/or sold Infringing Merchandise to the consuming public in direct competition with Phat Fashions.

76.    Defendant's use of the P Laurel Leaf and Shield Design Trademark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendant's Infringing Merchandise, and is likely to deceive the public into believing the Infringing Merchandise being sold by Defendant originates from, is associated with, or is otherwise authorized by Phat Fashions.

77.    Defendant's deceptive acts and practices involve public sales activities of a recurring nature.

78.    Phat Fashions has no adequate remedy at law, and if Defendant's activities are not enjoined, Phat Fashions will continue to suffer irreparable harm and injury to its goodwill and reputation.

79.    In addition to injunctive relief, Phat Fashions is entitled to all actual damages it has sustained in an amount to be determined at trial and reasonable attorneys fees.

WHEREFORE, Phat Fashions respectfully requests the following relief:

A.    That Defendant and its parents, subsidiaries and affiliated companies, its respective officers, agents, directors, employees, shareholders and attorneys and those persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be permanently restrained and enjoined from using, affixing, offering for sale, selling, advertising or promoting goods with the P and Design Trademarks and specifically the P Laurel Leaf and Shield Design Trademark or any trade name or trademark confusingly similar thereto.

B.    That Defendant and its parents, subsidiaries and affiliated companies, its respective officers, agents, directors, employees, shareholders and attorneys and those persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be permanently restrained and enjoined from use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to Phat Fashions and the P and Design Trademarks and specifically the P Laurel Leaf and Shield Design Trademark by using these marks or any trade name or trademark confusingly similar thereto without the authorization of Phat Fashions.

C.    That Defendant and its parents, subsidiaries and affiliated companies, its respective officers, agents, directors, employees, shareholders and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be permanently enjoined from diluting the distinctiveness and goodwill established by Phat Fashions in the P and Design Trademarks and specifically the P Laurel Leaf and Shield Design Trademark by using these marks or any designation that is confusingly similar thereto.

D.    That all goods, products, signs, labels, brochures, advertising and promotional material bearing the P Laurel Leaf and Shield Design Trademark in Defendant's possession or subject to Defendant's control or direction be delivered to Phat Fashions' counsel for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment.

E.    That Defendant be ordered to report to the Court, in writing under oath with a copy to Phat Fashions' attorneys within 30 days of service of notice of any Orders issued hereunder, setting forth in detail the manner and form in which Defendant has complied with any such Order.

F.    That the Court award an accounting to Phat Fashions for the gains and profits of Defendant and for the damages sustained by Phat Fashions as a result of the willful, intentional and wrongful conduct of Defendant.

G.    Awarding Phat Fashions all of Defendant's profits and all damages sustained by Phat Fashions as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to 15 U.S.C. § 1117(a).

H.    That Defendant be required to pay Phat Fashions its costs in this action, pursuant to 15 U.S.C. § 1117(a).

I.    That because of Defendant's willful actions in this matter, Defendant be required to pay Phat Fashions its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

J.    Awarding Phat Fashions actual damages suffered by it as a result of Defendant's acts.

K.    That Phat Fashions be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Phat Fashions hereby demands a trial by jury as to all claims in this litigation.

Dated:　　New York, New York　　　　　　PRYOR CASHMAN LLP
　　　　　　March 13, 2008

By: _____
Brad D. Rose, Esq. (BR 2740) brose@pryorcashman.com
Ilene S. Farkas, Esq. (IF 3212) ifarkas@pryorcashman.com
Nicole E. Kaplan, Esq. (NK 6478) nkaplan@pryorcashman.com
410 Park Avenue
New York, New York 10022
(212) 421-4100

Attorneys for Phat Fashions

Exhibit A



















Exhibit B







