Philip R. Hoffman, Esq.
Nicole E. Kaplan, Esq.
Pryor Cashman LLP
Attorneys for Plaintiff
410 Park Avenue
New York, New York 10022
(212) 421-4100

RECEIVED
APR 0 1 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

PHAT FASHIONS LLC,                                    :        08 Civ. 02745 (RMB)

                                    Plaintiff,        :        **AMENDED**
                                                               **COMPLAINT**
          - against -                                 :

VICTORIA'S SECRET STORES BRAND                        :
MANAGEMENT, INC.,
                                                      :
                                    Defendant.
                                                      :

------------------------------------------------------------------------x

Plaintiff Phat Fashions LLC ("Phat Fashions"), by its attorneys, Pryor Cashman LLP, as

and for its Amended Complaint against defendant Victoria's Secret Stores Brand Management,

Inc. ("Victoria's Secret"), alleges as follows:

### NATURE OF THE ACTION

1.       In this action, Phat Fashions seeks injunctive relief and damages based upon

Victoria's Secret's infringement and dilution of Phat Fashions' P Laurel Leaf & Shield copyright

and trademarks (hereafter "P Laurel Leaf & Shield Design") and other trademarks, and acts of

unfair competition engaged in by Victoria's Secret. The key designs at issue are:



Phat Fashions' design:                    Victoria's Secret's use:

## THE PARTIES

2.      Phat Fashions is a limited liability corporation organized under the laws of the State of New York and doing business at 512 Seventh Avenue, New York, New York 10018.

3.      Upon information and belief, Victoria's Secret is a corporation organized under the laws of the State of Delaware, having a principal place of business at 4 Limited Parkway, Reynoldsburg, Ohio 43068, and is a wholly-owned subsidiary of Limited Brands, Inc. Victoria's Secret is doing business in the State of New York and in this District.

## JURISDICTION AND VENUE

4.      The action arises under the Copyright Act, 17 U.S.C. § 101 et seq. (the "Copy-right Act"), the Lanham Trademark Act, 15 U.S.C. §1501 et seq. (the "Lanham Act"), New York General Business Law §360-*l*, and the common law of the State of New York. This Court has jurisdiction pursuant to 28 U.S.C §§ 1331, 1332, 1338 and 1367, 17 U.S.C. §101 et seq., and 15 U.S.C. §1121. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

5.      The venue of this action is properly laid in this District pursuant to 28 U.S.C. §1391(b) and (c), and §1400(a).

## ALLEGATIONS COMMON TO ALL CLAIMS

### Phat Fashions Copyright and Trademarks in its P Laurel Leaf & Shield Design

6.      Phat Fashions was founded in 1992 by Russell Simmons ("Simmons"), the famous entrepreneurial entertainment industry executive and innovator who also founded the Def Jam Records label in the early 1980s and who has produced such hit films and television programs as *The Nutty Professor*, *Russell Simmons' Def Comedy Jam* and, most recently, the acclaimed HBO series and Broadway show *Def Poetry Jam*.

2

7.    In establishing Phat Fashions in 1992, Simmons sought to bring into the mainstream the urban fashions and accessories that were being worn by, <u>inter alia</u>, the rap and "hip hop" music artists on his Def Jam Records label who had come to dominate the popular music charts. Simmons personally conceived of an upscale, trend-setting, high quality men's and boys' clothing line, marketed under unique and arbitrary names that would all emanate from a single, identifiable source known as "PHAT FARM®" (the phrase being a play on words using the hip-hop vernacular term for something that is excellent, cool and stylish or, as Simmons referred to fashion forward designs, "Pretty Hot And Tempting," <u>i.e.</u>, "Phat", and the phrase "fat farm").

8.    PHAT FARM® is one of Phat Fashions' flagship brands. Another flagship brand is Phat Fashions' widely popular woman's line, BABY PHAT®. Phat Fashion's marketing and advertising strategies are designed to communicate to consumers that PHAT FARM® and BABY PHAT® are part of the same family of products and emanate from the same source, <u>i.e.</u>, Phat Fashions. Phat Fashions markets, advertises and sells its merchandise in such a way as to create an indelible association between its men's and women's lines so that any time a consumer sees either one of Phat Fashions' brands, it will immediately identify it with the other and with the common source, Phat Fashions.

9.    Since its inception in 1992, Phat Fashions has been continuously marketing, advertising and selling clothing, fashion accessories and other merchandise under a family of "PHAT" trademarks and copyrights, many of which prominently feature a "P" in their design.

10.    Phat Fashions and its flagship brands PHAT FARM® and BABY PHAT® have achieved a prominent position in the fashion industry which is attributable to its upscale, trend-setting, high-quality clothing lines sold under its family of "PHAT" trademarks and copyrights, as well as to the popularity and success of its founder, Simmons.

3

11.     Commencing in 2001, Phat Fashions obtained trademark registrations for a family of trademarks utilizing a "P" within a leaf and/or shield, including the following:

a.     P Flag® 
        Reg. No. 2487976 (Classes 18 and 25);

b.     P Leaf Design® 
        Reg. Nos. 2802598 (Class 18), 3018211 (Class 9), 2528508 (Class 25) and 2610656 (Class 3);

c.     P Leaf and Shield® 
        Reg. Nos. 3018212 (Class 9), 2600979 (Class 25), 3085753 (Class 25) and 3021315 (Class 18);

d.     PHAT FARM with P Leaf and Shield Design® 
        Reg. No. 3184177 (Class 25); and

e.     PHAT P FARM and Design® 
        Reg. Nos. 3116645 (Class 9) and 2485552 (Classes 18 and 25).

12.     In addition to its ownership of the above trademarks, Phat Fashions owns the following trademark applications for designs utilizing a "P" within a leaf and/or shield, all of which were (a) filed in 2005 or 2006, (b) published for opposition, (c) not opposed by any entity, including Victoria's Secret, and (d) issued Notices of Allowance by the U.S. Patent & Trademark Office:

a.     P Leaf Design™ 
        Ser. Nos. 78/750687 (Class 24), 78/750424 (Class 20) and 78/750579 (Class 21);

b.     P Leaf & Shield Design™ 
        Ser. Nos. 78/750702 (Class 24), 78/750458 (Class 20) and 78/750594 (Class 21);

c.     P Flag™ 
        Ser. Nos. 78/750586 (Class 21), 78/750695 (Class 24) and 78/750432 (Class 20);

d.    P Laurel Leaf & Shield™ 
Ser. Nos. 78/818100 (Class 25) and 78/818091 (Class 18); and

e.    P Laurel Leaf & Shield™
Ser. No. 78/900319 (Class 25).

13.    Phat Fashions also owns copyright registration VA 1-628-674 for its P Laurel

Leaf & Shield Design, which design is as follows:

14.    Phat Fashions and/or its licensees have made prominent and extensive use in

commerce of the above copyright and trademarks (hereafter collectively referred to as the "P

Leaf & Shield Designs") with the products (including clothing, fashion accessories and other

merchandise) marketed, advertised and sold under the PHAT FARM® brand.  Accordingly,

consumers who observe the P Leaf & Shield Designs on clothing, fashion accessories and other

merchandise immediately associate those designs with Phat Fashions and its famous products.

Photocopies of examples of  Phat Fashions' use of the P Leaf & Shield Designs on clothing,

fashion accessories and other merchandise are attached hereto as Exhibit A.

15.    Phat Fashions has expended several million dollars each year in advertising its

designs (including the P Leaf & Shield Designs) and the products associated therewith (including

clothing, fashion accessories and other merchandise), and has received unsolicited, worldwide

publicity with respect to its business operations and famous brand names, products and designs.

Phat Fashions' clothing, fashion accessories and other merchandise bearing the P Leaf & Shield

Designs have received widespread media attention in newspapers and national publications,

including but not limited to *The New York Times*, *New York Magazine*, *The New York Daily*

*News*, *People Magazine*, *Cosmopolitan*, *Harper's Bazaar*, *Elle*, *The New Yorker*, *The Source*, *i-D Magazine*, and *HHC (Hip-Hop Connection)*.

16.    Phat Fashions vigorously protects its trademarks and copyrights, including its

P Leaf & Shield Designs, in order to thwart any potential loss of the distinctiveness of these

designs and to prevent confusion in the marketplace between, on the one hand, Phat Fashions'

trademarks and copyright and genuine Phat Fashions' products, and, on the other hand, the

marks and products of unaffiliated third parties.

17.    As a result of Phat Fashions':  (a) exacting standards; (b) tremendous sales (both

domestic and foreign); (c) vigorous promotion, advertising and enforcement of its products

bearing the P Leaf & Shield Designs; (d) the international renown and the publicity generated for

the P Leaf & Shield Designs by the celebrities who prominently wear Phat Fashions' products

bearing such designs, Phat Fashions' clothing, fashion accessories and other merchandise offered

under the P Leaf & Shield Designs, as well as the designs themselves, have come to symbolize

quality in the eyes of the consuming public and have attained enormous goodwill throughout the

United States, New York State and this District.  The P Leaf & Shield Designs have achieved

secondary meaning associating them with Phat Fashions in the mind of the purchasing public.

**Victoria's Secret's Infringing Uses of Phat Fashions' P Leaf & Shield Designs**

18.    Although Phat Fashions has never authorized Victoria's Secret to utilize Phat

Fashions' P Leaf & Shield Designs in any manner, Victoria's Secret is knowingly and willfully,

and without any authorization from Phat Fashions, selling, distributing, manufacturing, import-

ing, displaying, advertising, marketing and/or promoting clothing and fashion accessories

bearing infringing reproductions of the P Leaf & Shield Designs, including P Laurel Leaf &

Shield Design in interstate and intrastate commerce, including commerce in New York State and

this District.  Photocopies of examples of such clothing and fashion accessories sold by

Victoria's Secret (hereafter the "Infringing Merchandise") bearing the P Laurel Leaf & Shield

Design are attached hereto as Exhibit B.

19.     As illustrated below, Victoria's Secret is selling Infringing Merchandise which is

the same as or is closely related to merchandise sold by Phat Fashions and is using a design that

is deceptively and confusingly similar to Phat Fashions' authentic P Laurel Leaf & Shield Design

thus misleading consumers by giving the impression that the Infringing Merchandise is genuine

Phat Fashions' merchandise when, in fact, it is not.



Phat Fashions' design :                          Victoria's Secret's use:

20.     Upon information and belief, the Infringing Merchandise sold by Victoria's

Secret that bears confusingly similar imitations of the P Laurel Leaf & Shield Design is

calculated to deceive the purchasing public into believing that the Infringing Merchandise is

manufactured, sold, authorized by or affiliated with Phat Fashions.

21.     On February 7, 2008, counsel for Phat Fashions sent Victoria's Secret a letter

detailing Phat Fashions' rights and demanding that Victoria's Secret cease and desist from any

further infringement of Phat Fashions' rights in its P Leaf & Shield Designs, including the P

Laurel Leaf & Shield Design.  On February 19, 2008, Victoria's Secret, through its counsel,

notified Phat Fashions' counsel that refused to comply with Phat Fashions' demands.

22.     Since receiving Phat Fashions' letter, Victoria's Secret has continued to willfully

sell, distribute, manufacture, import, advertise, market and/or promote the Infringing Merchan-

dise, all in the face of and with full knowledge of Phat Fashions' rights in and to the P Leaf &

Shield Designs, including the P Laurel Leaf & Shield Design, in connection with clothing, fashion accessories and other merchandise.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

23.    Phat Fashions repeats and realleges the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.    The design, configuration and distinctive features of the P Laurel Leaf & Shield Design are wholly original with Phat Fashions and, as featured on various clothing, fashion accessories and other merchandise, constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 et seq.

25.    Phat Fashions is the owner of copyright registration VA 1-628-674 for its P Laurel Leaf & Shield Design and is the sole proprietor of all right, title and interest in and to that copyright.  Phat Fashions has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyright for the P Laurel Leaf & Shield Design.

26.    Victoria's Secret has infringed and continues to infringe Phat Fashions' copyright in the P Laurel Leaf & Shield Design by selling, distributing, manufacturing, importing, displaying, advertising and/or promoting in this District and elsewhere clothing and fashion accessories bearing copies of the P Laurel Leaf & Shield Design, all without any authorization from Phat Fashions. Victoria's Secret's actions constitute an unauthorized public display and distribution of Phat Fashions' P Laurel Leaf & Shield Design.

27.    Victoria's Secret's infringement of Phat Fashions' copyright in its P Laurel Leaf & Shield Design has been and continues to be carried out with Victoria's Secret's full knowledge

of Phat Fashions' rights in its P Laurel Leaf & Shield Design. In engaging in the acts complain-

ed of herein, Victoria's Secret has knowingly, willfully and intentionally infringed Phat Fashions

copyright in its P Laurel Leaf & Shield Design.

28.    Phat Fashions has no adequate remedy at law and is suffering irreparable harm

and damage as a result of the aforesaid acts of Victoria's Secret in an amount not yet determined

or ascertainable but, upon information and belief, in excess of $1,000,000.

29.    Upon information and belief, Victoria's Secret has obtained gains, profits and

advantages as a result of its wrongful acts in an amount not yet determined or ascertainable, but,

upon information and belief, in excess of $1,000,000.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition and False Designation of Origin Under 15 U.S.C. §1125(a))

30.    Phat Fashions repeats and realleges the allegations contained in paragraphs 1

through 29 as if fully set forth herein.

31.    Phat Fashions owns all right, title and interest in and to, and holds the exclusive

rights to market and sell, clothing, fashion accessories and other merchandise bearing the P Leaf

& Shield Designs, including the P Laurel Leaf & Shield Design.

32.    The P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, have

achieved secondary meaning associating them in the mind of the purchasing public with Phat

Fashions and its clothing, fashion accessories and other merchandise.

33.    Victoria's Secret's conduct as alleged herein, including its use of the P Leaf &

Shield Designs on the Infringing Merchandise, constitutes a false designation of origin as such

conduct has caused and is likely to cause confusion or to deceive consumers as to the origin,

sponsorship, affiliation, connection and/or association of Phat Fashions and/or its P Leaf &

Shield Designs, including the P Laurel Leaf & Shield Design, with Victoria's Secret and its Infringing Merchandise.

34.    The Infringing Merchandise is calculated and intended to deceive and is likely to deceive consumers into believing that they are purchase Phat Fashions' products.  The Infringing Merchandise does not originate from or have the approval or authorization of Phat Fashions.

35.    The foregoing acts of Victoria's Secret constitute unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

36.    Phat Fashions has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Victoria's Secret in an amount not yet determined or ascertainable but, upon information and belief, in excess of $1,000,000.

37.    Upon information and belief, Victoria's Secret has obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable, but, upon information and belief, in excess of $1,000,000.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

38.    Phat Fashions repeats and realleges the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39.    Phat Fashions has expended substantial time, resources and effort to develop and obtain an excellent reputation and good will for itself, its products (including clothing, fashion accessories and other merchandise) and the P Leaf & Shield Designs (including the P Laurel Leaf & Shield Design).

40.    Victoria's Secret has knowingly and willfully appropriated Phat Fashions' P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, in an effort to falsely create the

impression that the Infringing Merchandise is sanctioned by Phat Fashions and in order to arrogate unto itself all of the goodwill associated with the P Leaf & Shield Designs and Phat Fashions. Victoria's Secret's unlawful acts in appropriating rights in Phat Fashions' P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, were intended to capitalize on Phat Fashions' goodwill for Victoria's Secret's own pecuniary gain.

41. The Infringing Merchandise being sold by Victoria's Secret is calculated to and is likely to create confusion and to deceive and mislead consumers into believing that such merchandise originated with or is authorized by Phat Fashions, and has caused and is likely to cause confusion as to the source of Victoria's Secret's Infringing Merchandise, all to the detriment of Phat Fashions.

42. Victoria's Secret's acts as alleged above constitute unfair competition and will, unless enjoined by this Court, result in the destruction and/or diversion of Phat Fashions' goodwill in its P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, and the unjust enrichment of Victoria's Secret.

43. Upon information and belief, Victoria's Secret committed the acts alleged herein intentionally, deliberately, fraudulently, maliciously, willfully, wantonly and oppressively with the intent confuse the public and to injure Phat Fashions in its business.

44. Phat Fashions has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Victoria's Secret in an amount not yet determined or ascertainable but, upon information and belief, in excess of $1,000,000.

45. Upon information and belief, Victoria's Secret has obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable, but, upon information and belief, in excess of $1,000,000.

**FOURTH CLAIM FOR RELIEF**
**(Violation of New York's Anti-Dilution Statute – N.Y. Gen. Bus. Law §360-*l*)**

46.     Phat Fashions repeats and realleges the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.     Phat Fashions' P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, are distinctive marks in the State of New York.

48.     Victoria's Secret unauthorized use of Phat Fashions' P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, will dilute, tarnish and blur those marks.

49.     The actions of Victoria's Secret complained of herein have already injured and are likely to continue to injure the business reputation and dilute the distinctive quality of Phat Fashions' P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design.

50.     The foregoing acts of Victoria's Secret constitute dilution in violation of §360-*l* of the New York General Business Law.

51.     Phat Fashions has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Victoria's Secret.

**PRAYER FOR RELIEF**

WHEREFORE, Phat Fashions demands judgment against Victoria's Secret as follows:

1.     Ordering that Victoria's Secret and its parents, subsidiaries, affiliated companies, officers, agents, directors, employees, shareholders and attorneys and all those persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, be permanently restrained and enjoined from:

a.     Further infringing Phat Fashions' copyright or trademarks in the P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, and from importing,

manufacturing, producing, distributing, circulating, selling, marketing, offering for sale,

advertising, promoting, displaying or otherwise disposing of any products, including

clothing, fashion accessories and other merchandise, not authorized by Phat Fashions

bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Phat

Fashions' copyright or trademarks, including the P Laurel Leaf & Shield Design or any

design confusingly similar thereto;

      b.    Using any simulation, reproduction, counterfeit, copy or colorable

imitation of Phat Fashions' copyright or trademarks in the P Leaf & Shield Designs,

including the P Laurel Leaf & Shield Design, in connection with the promotion,

advertisement, display, sale, offering for sale, manufacture, production, circulation or

distribution of any unauthorized products, including clothing, fashion accessories and

other merchandise, in such fashion as to relate or connect, or tend to relate or connect,

such products in any way to Phat Fashions, or to any goods sold, manufactured,

sponsored or approved by or connected with Phat Fashions;

      c.    Making any statement or representation whatsoever, or using any false

designation of origin or false description, or performing any act, which can or is likely to

lead the trade or public, or individual members thereof, to believe that any products,

including clothing, fashion accessories or other merchandise, manufactured, distributed

or sold by Victoria's Secret are in any manner associated or connected with Phat

Fashions, or are sold, manufactured, licensed, sponsored, approved or authorized by Phat

Fashions;

      d.    Using any false descriptions or representations or any false designations of

origin or from otherwise committing any acts of unfair competition with respect to Phat

Fashions and the P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, by using such designs or any design confusingly similar thereto without the authorization of Phat Fashions;

      e.     Diluting the distinctiveness and goodwill established by Phat Fashions in the P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, by using these designs or any designation that is confusingly similar thereto; and

      f.     Engaging in any other activity constituting unfair competition with Phat Fashions, or constituting an infringement of any of Phat Fashions' copyrights or trademarks, including the P Leaf & Shield Designs, or of Phat Fashions' rights in, or to use or to exploit, said copyrights or trademarks, or constituting any dilution of Phat Fashions' name, reputation or goodwill.

2.     Directing that Victoria's Secret deliver for destruction all Infringing Merchandise, goods, products, signs, labels, brochures, advertising, promotional material, prints, packages, dyes, wrappers, receptacles and advertisements in its possession or under its control bearing any of Phat Fashions' P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, or any simulation, reproduction, counterfeit, copy of colorable imitation thereof, and all plates, molds, matrices and other means of making the same.

3.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products, including clothing, fashion accessories or other merchandise, manufactured, sold or otherwise circulated or promoted by Victoria's Secret is authorized by Phat Fashions or related in any way to Phat Fashions' products, including clothing, fashion accessories or other merchandise.

4.    Directing that an accounting and judgment be rendered against Victoria's Secret for:

a.    All profits received by Victoria's Secret from the sale of infringing products, including the Infringing Merchandise, as provided by 17 U.S.C. §504(b);

b.    All damages suffered by Phat Fashions as a result of Victoria's Secret's copyright infringement as provided by 17 U.S.C. §504(b);

c.    Statutory damages in the amount of $150,000 as a result of Victoria's Secret's willful copyright infringement as provided for in 17 U.S.C. §504(c)(2), if such amount is greater than the total amount of items (a) and (b) above;

d.    All profits received by Victoria's Secret and all damages sustained by Phat Fashions on account of Victoria's Secret's trademark infringement and unfair competition and, furthermore, that such profits and damages as found herein be trebled as provided for by 15 U.S.C. §1117.

5.    Awarding Phat Fashions its costs in this action together with reasonable attorneys' fees and expenses as provided for by 15 U.S.C. §1117 and 17 U.S.C. §505.

6.    Directing that the Court retain jurisdiction of this action for the purpose of enabling Phat Fashions to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

7.    Awarding to Phat Fashions such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 1, 2008

PRYOR CASHMAN LLP

By: _____
     Philip R. Hoffman
        phoffman@pryorcashman.com
     Nicole E. Kaplan
        nkaplan@pryorcashman.com
     Attorneys for Plaintiff
     410 Park Avenue
     New York, New York   10022
     (212) 421-4100



**EXHIBIT A**























































**EXHIBIT B**









## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2008, I served the Amended Answer herein upon efendant Victoria's Secret Stores Brand Management, Inc. by depositing true copies thereof enclosed in wrappers as addressed below into the custody of Federal Express for Wednesday delivery, prior to the latest time designated by that service for Wednesday delivery:

> Limited Brands, Inc.
> Victoria's Secret Stores Brand Management, Inc.
> Attention: Deborah A. Hampton, Intellectual Property Manager
> Four Limited Parkway
> Reynoldsburg OH 43068
>
> Limited Brands, Inc.
> Victoria's Secret Stores Brand Management, Inc.
> Attention: Carol M. Matorin, Esq., Senior Vice President & Senior Counsel
> 666 Fifth Avenue
> New York, NY 10103

with a copy to:

> Frank J. Colucci, Esq.
> Colucci & Umans
> 218 East 50th Street
> New York, New York 10022.

In addition to the Amended Complaint, I also transmitted copies of the Court's fax dated March 18, 2008 to the above entities and individuals.

Dated: New York, New York
         April 1, 2008

_____
PHILIP R. HOFFMAN