**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

PHAT FASHIONS, LLC,                           **Civil Action No.**
                                              **08 CV 2745 (RMB) (GWG)**
                         Plaintiff,
                                                        **ECF**
          v.

VICTORIA'S SECRET STORES BRAND
MANAGEMENT, INC.

                         Defendant.
-------------------------------------------------------x

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC. (hereinafter "defendant" or "Victoria's Secret"), by its attorneys, for its answer and affirmative defenses to the amended complaint of plaintiff, PHAT FASHIONS, LLC ("plaintiff" or "Phat Fashions"), alleges as follows:

1.      Defendant admits that plaintiff has commenced this civil action for injunctive relief and damages based on alleged infringement, dilution and unfair competition, except that the amended complaint does not set forth a claim for dilution and except that defendant denies liability to plaintiff for any of its claims set forth in its amended complaint.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the amended complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the amended complaint.

4.      Defendant admits that this Court has subject matter jurisdiction

over the claims set forth in the amended complaint as alleged in paragraph 4 of the amended complaint, except that defendant denies liability to plaintiff for any of its claims.

5.    Defendant admits that venue is proper in this judicial district.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the amended complaint.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the amended complaint.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the amended complaint.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the amended complaint, and specifically denies that plaintiff owns a "family" of trademarks and copyrights featuring a "P" in their design.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the amended complaint, and specifically denies that plaintiff owns a "family" of trademarks and copyrights featuring a "P" in their design.

11.    Defendant admits that plaintiff is the record owner of the trademark

-2-

registrations set forth in paragraph 11 of the amended complaint, except denies that the mark covered by trademark Reg. No. 3018212 is the mark depicted in paragraph 11(c) of the amended complaint and denies that plaintiff owns a "family of trademarks utilizing a 'P' within in a leaf and/or shield" and denies that any of defendant's activities infringe or otherwise violate the trademarks set forth therein.

12.    Defendant admits the allegations contained in paragraph 12 of the amended complaint, except denies that any of defendant's activities infringe or otherwise violate the trademarks set forth therein.

13.    Defendant admits the allegations contained in paragraph 13 of the amended complaint, except denies that Copyright Registration VA 1-628-674 is valid, enforceable and/or that any of defendant's activities infringe or otherwise violate said copyright, even if it were valid.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the amended complaint.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the amended complaint.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the amended complaint.

17.    Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 17 of the amended complaint, except denies that plaintiff's P Leaf & Shield Designs have achieved secondary meaning amongst consumers.

18.    Defendant denies the allegations contained in paragraph 18 of the amended complaint, except admits that examples of defendant's merchandise appear to be depicted in Exhibit B thereto.

19.    Defendant denies the allegations contained in paragraph 19 of the amended complaint.

20.    Defendant denies the allegations contained in paragraph 20 of the amended complaint.

21.    Defendant admits that it received a letter dated February 7, 2008, from plaintiff's counsel containing several of the claims set forth in plaintiff's amended complaint and that defendant's counsel responded by letter dated February 19, 2008, a true and accurate copy of which is attached hereto as Exhibit 1, except denies that defendant has or had any liability to plaintiff for the claims set forth in plaintiff's letter.

22.    Defendant admits that it has not ceased selling the merchandise which was the subject of plaintiff's counsel's February 7, 2008 letter for the reasons set forth in defendant's counsel's responding letter of February 19, 2008 (Ex. 1) and denies that such merchandise infringes or violates any right of plaintiff.  Defendant denies the remaining allegations contained in paragraph 22 of the amended complaint.

23.     Defendant repeats and re-alleges each and every of its foregoing answers to the allegations contained in paragraphs 1 through 22 of the amended complaint as if more fully set forth hereinagain.

24.     Defendant denies the allegations contained in paragraph 24 of the amended complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the amended complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the amended complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the amended complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the amended complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the amended complaint.

30.     Defendant repeats and re-alleges each and every of its foregoing answers to the allegations contained in paragraphs 1 through 29 of the amended complaint as if more fully set forth hereinagain.

31.     Defendant denies the allegations contained in paragraph 31 of the amended complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the amended complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the amended complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the amended complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the amended complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the amended complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the amended complaint.

38.     Defendant repeats and re-alleges each and every of its foregoing answers to the allegations contained in paragraphs 1 through 37 of the amended complaint as if more fully set forth hereinagain.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the amended complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the amended complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the amended complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the amended complaint.

43.    Defendant denies the allegations contained in paragraph 43 of the amended complaint.

44.    Defendant denies the allegations contained in paragraph 44 of the amended complaint.

45.    Defendant denies the allegations contained in paragraph 45 of the amended complaint.

46.    Defendant repeats and re-alleges each and every of its foregoing answers to the allegations contained in paragraphs 1 through 45 of the amended complaint as if more fully set forth hereinagain.

47.    Defendant denies the allegations contained in paragraph 47 of the amended complaint.

48.    Defendant denies the allegations contained in paragraph 48 of the amended complaint.

49.    Defendant denies the allegations contained in paragraph 49 of the amended complaint.

50.    Defendant denies the allegations contained in paragraph 50 of the amended complaint.

51.    Defendant denies the allegations contained in paragraph 51 of the amended complaint.

## **FIRST AFFIRMATIVE DEFENSE**

52.    The amended complaint fails to state any causes of action against defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

53.    The subject work set forth in plaintiff's Copyright Registration No. VA 1-628-674 does not possess the requisite level of original authorship to constitute copyrightable subject matter.

54.    Copyright Registration No. VA 1-628-674 is invalid and unenforceable as a matter of law.

55.    Because Copyright Registration No. VA 1-628-674 is invalid and unenforceable, defendant's continued manufacture and sale of the accused garments is not a violation of Copyright Registration No. VA 1-628-674.

## THIRD AFFIRMATIVE DEFENSE

56.    Plaintiff's copyright claim is barred because the subject work set forth in Copyright Registration No. VA 1-628-674 pertains to subject matter that is excluded from protection under the Copyright Act.

## FOURTH AFFIRMATIVE DEFENSE

57.    Upon information and belief, defendant has used designs that bear either the letter "P," a laurel and/or a shield since prior to the publication date of January 25, 2007 set forth in Copyright Registration No. VA 1-628-674.

58.    As a result, defendant's continued manufacture and sale of the accused garments is not and cannot be a violation of Copyright Registration No. VA 1-628-674.

59.    Defendant's designs that bear either the letter "P," a laurel and/or a shield are not substantially similar to the subject work set forth in Copyright Registration No. VA 1-628-674.

### FIFTH AFFIRMATIVE DEFENSE

60.    Upon information and belief, prior to learning of defendant's use of defendant's "P" and shield and laurel design, plaintiff referred to the designs appearing in its alleged "P" marks as a "wheat" design, and only now has begun referring to its design as a "laurel" or "leaf" design, intending by such mischaracterization of its own marks to create the erroneous belief that defendant's "P" designs and plaintiff's "P" designs are confusingly similar, which they are not.

### SIXTH AFFIRMATIVE DEFENSE

61.    There is no likelihood of confusion between any of plaintiff's alleged trademarks for apparel and defendant's merchandise.

### SEVENTH AFFIRMATIVE DEFENSE

62.    Plaintiff's alleged trademarks do not constitute a "family" of trademarks.

### EIGHTH AFFIRMATIVE DEFENSE

63.    Plaintiff's alleged usage of a letter "P" design in conjunction with a shield design and a leaf design is/are not inherently distinctive.

64.    Plaintiff's alleged usage of a letter "P" design in conjunction with a shield design and a leaf design has/have not acquired secondary meaning.

## NINTH AFFIRMATIVE DEFENSE

65.    Plaintiff is not entitled to exclusively appropriate the use of the letter "P" in conjunction with a shield design and a leaf design either separately or in combination.  Upon information and belief, numerous third parties use a letter "P" design in conjunction with a shield design and a leaf design in connection with clothing, accessories and numerous trademarks and business names.

## TENTH AFFIRMATIVE DEFENSE

66.    Plaintiff's amended complaint and claims for relief are barred by the equitable doctrines of waiver, laches, estoppel and/or acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

67.    If there be any violation of any right of plaintiff, which defendant denies, it was unintentional and not deliberate or willful, and any alleged damage is de minimis.

WHEREFORE, defendant prays:

A.    That the amended complaint be dismissed in its entirety;

B.    That judgment be awarded in favor of defendant and against plaintiff on each and every claim in the amended complaint;

C.    That the Court declare that plaintiff's Copyright Registration No. VA 1-628-674 is invalid and unenforceable;

D.    That defendant be awarded its reasonable attorneys' fees and costs in connection with the defense of this civil action; and

E.    That defendant have and recover such other relief and/or further

relief as the Court may deem just and proper.

Dated:     New York, New York
             April 15, 2008

                                    **COLUCCI & UMANS**

                                    By: _Frank J. Colucci_

                                    Frank J. Colucci (FC-8441)
                                    David M. Dahan (DD-5864)
                                    218 East 50th Street
                                    New York, New York 10022
                                    Telephone: (212) 935-5700
                                    Facsimile: (212) 935-5728
                                    Email:  email@colucci-umans.com

                                    **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of "Defendant's Amended Answer and Affirmative Defenses To Amended Complaint," which was electronically filed (ECF), has been forwarded via email and Federal Express to plaintiff's attorneys, Philip Hoffman, PRYOR CASHMAN LLP, 410 PARK AVENUE, New York, New York 10022 on this 15th day of April 2008.

_____
Michael Pampalone

# COLUCCI & UMANS

218 EAST 50TH STREET
NEW YORK, NEW YORK 10022-7681

TELEPHONE (212) 935-5700
FACSIMILE (212) 935-5728
email@colucci-umans.com
www.colucci-umans.com

FRANK J. COLUCCI, P.C.
COURTNEY WILSON MONAHAN, P.C.
W. BRANT MOSSOP, P.C.
GREGORY J. COLUCCI, P.C.
RICHARD P. JACOBSON, P.C.
SUSAN B. JACOBSON
DAVID M. DAHAN
KATHLEEN M. McGANN
GEORGANN M. CALLAGHAN
ANDREA PELAEZ
MICHAEL J. PAMPALONE, III

——
OF COUNSEL
NOTARO & MICHALOS P.C.

KENNETH R. UMANS
(1944-1998)

WESTCHESTER OFFICE

670 WHITE PLAINS ROAD
SCARSDALE, NEW YORK 10583-5025
TELEPHONE (914) 472-1500
FACSIMILE (914) 472-1551
scarsdale@colucci-umans.com

February 19, 2008

**VIA ELECTRONIC MAIL**

Nicole E. Kaplan, Esq.
Brad D. Rose, Esq.
Pryor Cashman Sherman & Flynn LLP
410 Park Avenue
New York, New York 10022-4441

Re:    VICTORIA'S SECRET STORES BRAND
MANAGEMENT, INC./PHAT FASHIONS LLC
Our File D70-002

Dear Ms. Kaplan and Mr. Rose:

We are outside intellectual property counsel to Victoria's Secret Stores Brand Management, Inc. ("Victoria's Secret"), a wholly-owned subsidiary of Limited Brands, Inc. ("Limited Brands"). We write in response to your letter of February 7th to Limited Brands' Senior Vice President and Senior Counsel, Carol Matorin, and Victoria's Secret's Intellectual Property Manager, Deborah Hampton.

In your letter, you state that you represent Phat Fashions LLC ("Phat Fashions"); that it owns a number of registrations and applications of marks containing a capital P with either a shield design, a leaf design, or a leaf and shield design for merchandise, including bags and apparel; that these marks are "famous;" and that Phat Fashions owns a "family" of marks that incorporate a P and shield design and leaf design. Attached as Exhibit A is a depiction of Phat Fashions' P design registrations and applications. Based on a side-by-side comparison of one of Victoria's Secret's P designs consisting of a letter P in a crest design surrounded by a laurel design with one of Phat Fashions' P designs consisting of a letter P in a shield design surrounded by a wheat design, as shown below,




COLUCCI & UMANS

Nicole E. Kaplan, Esq.                    -2-                    February 19, 2008
Brad D. Rose, Esq.

you conclude that Victoria's Secret's use of its P designs are likely to cause confusion with and/or dilute Phat Fashions' P designs.*

While we do not dispute Phat Fashions' ownership of its P designs, we disagree entirely with your claims that Phat Fashions' P designs are "famous"; that Phat Fashions has acquired a "family" of marks in the letter P with a leaf design and with a shield design, and that a side-by-side comparison of one of Victoria's Secret's P designs with one of Phat Fashions' P designs is a proper basis for evaluating a likelihood of confusion between marks and designs. In short, based upon a consideration of the Polaroid factors, which courts in this Circuit, and similarly in other circuits throughout the United States, utilize in evaluating claims of trademark infringement, we disagree that Victoria's Secret's P designs are likely to cause confusion with Phat Fashions' P design marks.

### Victoria's Secret's Use of Its P Designs

Victoria's Secret began using its VICTORIA'S SECRET PINK trademark in 2001. Since then it has used thousands of designs to support the brand on apparel, bags and accessories. In the time allotted to us thus far, we have not been able to resurrect the earliest use by Victoria's Secret of a P design, but we have been able to document such use at least as early as July, 2005. Examples of Victoria's Secret's use of its P designs, crest designs, and laurel designs from Summer 2005 through Winter 2008 are attached as Exhibit B.

The VICTORIA'S SECRET PINK brand has evolved into a lifestyle brand targeted to college-age women. Hence, the inspiration for the styles of VICTORIA'S SECRET PINK apparel, as well as the designs and graphics applied to the apparel, is reflective of a collegiate theme. For example, UNVERSITY OF PINK, PHI BETA PINK, PINK U.

Likewise, the inspiration for the Victoria's Secret P designs was collegiate in concept. The particular font for the letter P was chosen as similar to a collegiate letter that a college student might wear on a jacket or sweater. The use of either a crest or a laurel design was also chosen as evocative of college emblems or crests of on-campus societies and organizations.

Victoria's Secret has used its P designs in numerous ways. It has used the letter P alone, with its trademarked PINK DOG, in a crest alone, or surrounded by a laurel alone, or in a crest within a laurel design. It has also used crests without the letter P and laurel designs without the letter P (See Exhibit B).

---

*  Although you use the terms "shield and leaf" designs to refer to both parties' P designs, the more

COLUCCI & UMANS

Nicole E. Kaplan, Esq.                    -3-                        February 19, 2008
Brad D. Rose, Esq.


Even a cursory review of VICTORIA'S SECRET PINK branded merchandise, as it is sold and displayed in its Victoria's Secret Pink and Victoria's Secret stores and on its websites at www.victoriassecret.com and www.vspink.com, and in the Victoria's Secret catalogue, can leave no doubt as to the collegiate inspiration of the brand, from the styles of the apparel, to the graphics used to support the brand, to the words and names applied to the apparel. Thus, when the letter P is applied to a VICTORIA'S SECRET PINK garment, whether it is in a crest, or surrounded by a laurel, or both, no reasonably prudent purchaser or potential purchaser is likely to believe that the P stands for anything other than Pink.

**Phat Fashions' P Designs Are Not "Famous"**

We also disagree with your claims that Phat Fashions' P and shield and leaf designs are "famous" and that Victoria's Secret has diluted Phat Fashions' marks. Because dilution is an extraordinary remedy requiring a significant showing of fame, a "famous" mark, for purposes of the statute, must be one that is "truly prominent and renowned." J. Thomas McCarthy, 4 *McCarthy on Trademarks and Unfair Competition* § 24:109 (4th ed. 2003) (citations omitted); *see also Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999) ("Dilution is a cause of action invented and reserved for a select class of marks . . . ."). There is no basis whatsoever to conclude that Phat Fashions' P design marks have achieved the high level of notoriety, such as COCA-COLA or KODAK, that would qualify them for protection against dilution.

Moreover, the Trademark Dilution Revision Act of 2006 ("TDRA") prohibits consideration of Phat Fashions' P design marks' alleged fame under a "niche market" theory. The TDRA eliminated the niche approach by mandating that a mark is famous only if it is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A) (2006). Because Phat Fashions' products are marketed to and known among only a relatively small portion of consumers, and are not widely known among general consumers, it cannot claim that its marks are "famous" among "the general consuming public of the United States," as a matter of law. Consequently, Phat Fashions' dilution claim is without merit.

In fact, your contention that Phat Fashions' P and shield and leaf designs are "famous and strong" fails to take into account that it is the VICTORIA'S SECRET trademark, and not Phat Fashions' P designs, that is universally well-known and famous among the general population, and that according to various surveys, the VICTORIA'S SECRET trademark has consistently placed in the top ten of the most famous trademarks in America.

accurate terms describing the elements of Victoria's Secret's P designs are "crests and laurel" designs.

COLUCCI & UMANS

Nicole E. Kaplan, Esq.                    -4-                    February 19, 2008
Brad D. Rose, Esq.

**Phat Fashions Does Not Own a "Family" of P Design Marks**

As depicted in Exhibit A, Phat Fashions has not, and does not, use its P designs in a consistent manner. The Phat Fashions' P designs incorporate their own specific and entirely different elements such as flag designs, the actual PHAT FARM wording, and what appear to be parenthetical designs. The collection of P designs referenced in your letter do not share a single P design within a shield design and a leaf design. It is improper for Phat Fashions to pick and choose elements from its variety of different designs, combine these elements, and then claim that it owns a "family" of marks in the combined elements. Further, the majority of Phat Fashions' registrations and applications identify products that have no relation to the merchandise of the parties (*i.e.*, cellular telephones, furniture, fans, screens, bathtub grab bars, inflatable mattresses, picture frames, plastic novelty license plates, towel dispensers, kitchenware, etc.).

Phat Fashions' claim that it owns a "family" of "P Design, Shield Design and Leaf design" marks is therefore completely without merit. It is axiomatic that "[s]imply using a series of similar marks does not of itself establish the existence of a family." J & J Snack Foods Corp. v. McDonald's Corp., 932 F.2d 1460, 1462-63 (Fed. Cir. 1991) (McDonald's owns a family of marks in its "Mc" prefix). Rather, there must exist "a recognition among the purchasing public that the common characteristic is indicative of a common origin of the goods" (emphasis added). J & J Snack Foods Corp., 932 F.2d at 1462. Thus, in order for there to be a "family," there must be a common characteristic that exists in all of the family that consumers associate with a single source, such as the McDonald's "Mc" prefix, not an assemblage of different features.

Moreover, a multitude of trademark registrations have been issued by the United States Patent and Trademark Office for P designs, leaf designs, and shield designs. The large number of third-party marks that incorporate a P design, a shield design or a leaf design, independently and in various combinations, refutes Phat Fashions' claim to own a "family" of marks incorporating these elements. Attached hereto as Exhibit C are examples of third-party marks incorporating P designs, shield designs, and leaf designs.[*]

As a result, there is no basis for Phat Fashions' claim that consumers recognize Phat Fashions' various P designs as a collective indicator of origin or source. Likelihood of confusion must therefore be assessed with each of Phat Fashions' designs on an individual, and not a "family," basis.

---

[*] It should be noted that Reg. No. 1,687,875 of a P in a laurel design claims a first use date of January 1, 1986, long prior to any claimed date of first use by Phat Fashions of a P design.

COLUCCI & UMANS

Nicole E. Kaplan, Esq.                               -5-                          February 19, 2008
Brad D. Rose, Esq.


**<u>No Likelihood of Confusion Exists</u>**

        A side-by-side comparison of Phat Fashions' P designs and Victoria's
Secret's P designs is not the proper way to evaluate a trademark infringement claim in
this, or in any other, circuit.  In order to determine whether a likelihood of confusion exists,
it is necessary to compare Phat Fashions' designs and Victoria's Secret Pink's designs as
consumers encounter them in the marketplace.  This is done in this Circuit by considering
the <u>Polaroid</u> factors.

        Turning to the <u>Polaroid</u> Factors, it is evident that they weigh heavily
against any finding of a likelihood of confusion.  Despite Phat Fashions' belief to the
contrary, the extensive third-party registrations and use of P designs, shield designs,
and leaf designs severely undercuts the alleged strength of Phat Fashions' marks
(Factor # 1) (See Exhibit C).  <u>Franklin Res., Inc. v. Franklin Credit Mgmt. Corp.</u>, 988 F.
Supp. 322, 328 (S.D.N.Y. 1997) ("It is well settled that third-party registration and use
dilutes the strength of a trademark."); <u>Vista Food Exch., Inc. v. Vistar Corp.</u>, No. 03-CV-
5203, 2005 U.S. Dist. LEXIS 42541, at *26 (E.D.N.Y. Sept. 27, 2005) (quotation
omitted) (granting summary judgment for defendant and noting that "[e]xtensive third-
party use of the term 'Vista,'. . . still serves to weaken Plaintiff's mark despite the
different nature of the other companies.").

        Phat Fashions' P designs and Victoria's Secret's P designs are also
completely dissimilar (Factor # 2).  Each of Phat Fashions' P designs is easily
distinguishable from Victoria's Secret's P designs and collegiate motifs.  Moreover, the
products at issue are completely dissimilar when compared in their marketplace
context, and not according to a "side-by-side comparison."  Phat Fashions cannot show
that consumers who encounter the parties' P designs in the real-world marketplace are
likely to be confused.  <u>Brockmeyer v. Hearst Corp.</u>, 248 F. Supp. 2d 281, 295-96
(S.D.N.Y. 2003) (<i>citing</i> <u>Sports Auth., Inc. v. Prime Hospitality Corp.</u>, 89 F.3d 955, 962
(2d Cir. 1996)).

        Phat Fashions' P designs incorporate a variety of flag and wheat designs
and fonts, arrangements and shapes that are completely dissimilar from any of
Victoria's Secret's P designs and are used in conjunction with the PHAT FARM house
brand.  Victoria's Secret's P designs, apart from being different from Phat Fashions' P
designs, appear as ornamentation on its VICTORIA'S SECRET PINK apparel, in close
proximity to its VICTORIA'S SECRET and VICTORIA'S SECRET PINK house brands
(<i>See</i> Exhibits B and C).[*]  Moreover, while Phat Fashions' products are sold through its

---

[*]  It is axiomatic that the prominent use of a well-known house brand can significantly reduce, if not
eliminate, any similarity and, thus, any likelihood of confusion.  <u>Nabisco, Inc. v. Warner-Lambert Co.</u>, 220
F.3d 43, 46 (2d Cir. 2000) ("Warner-Lambert's prominent use of its well-known house brand therefore

COLUCCI & UMANS

Nicole E. Kaplan, Esq.                    -6-                    February 19, 2008
Brad D. Rose, Esq.

own stores and a variety of department stores and other retailers, VICTORIA'S
SECRET PINK products are sold exclusively through its Victoria's Secret Pink and
Victoria's Secret retail stores, on the Victoria's Secret websites and through the
Victoria's Secret catalogue.  The fact that the parties' products would never appear
side-by-side in the marketplace, or in the same stores, further militates against any
finding of a likelihood of confusion.

        Similarly, the parties' products are not proximate because the parties do
not sell competing goods, and the parties' products appeal to different demographics
(Factor # 3).  Phat Fashions' P designs are used on a men's urban apparel line, while
Victoria's Secret Pink uses its P designs on apparel for young college-age women.  *See*
Brockmeyer, 248 F. Supp. 2d at 292 ("[I]n examining this factor a court should compare
all aspects of the products, including price, style, intended uses, target clientele, typical
distribution channels, and others.").  Additionally, there is no evidence that Phat
Fashions intends to "bridge the gap" and sell women's collegiate themed bags, apparel
or accessories of the kind sold by Victoria's Secret Pink. (Factor # 4).

        Further, courts in this Circuit have found that consumers of fashion
apparel and accessories are a highly sophisticated and discriminating consumer group,
which weighs heavily against a likelihood of confusion (Factor # 8).  McGregor-Doniger,
Inc. v. Drizzle, Inc., 599 F.2d 1126, 1138 (2d Cir.1979); cf. Sally Gee, Inc. v. Myra
Hogan, Inc., 699 F.2d 621, 626 (2d Cir. 1983) ("Sophisticated retailers and discerning
consumers of women's apparel are unlikely to have blurred vision causing them to see
`Sally Gee' upon viewing a Sally Lee label.").  Moreover, there is no evidence
whatsoever that Victoria's Secret, having a strong and famous trademark of immense
goodwill and reputation in its name and mark, sought to trade off of Phat Fashions'
goodwill (Factor # 6), or that Phat Fashions' reputation could be jeopardized by the
quality of Victoria's Secret's products, or that VICTORIA'S SECRET PINK products are
of an inferior quality (Factor # 7).  Moreover, there is no credible evidence that
consumers have actually been confused between the parties' products (Factor # 5).
Consequently, the Polaroid factors weigh decisively against any finding of likelihood of
confusion.

        Under the circumstances, we cannot recommend to Victoria's Secret that
it comply with the demands contained in your February 7th letter.  Finally, we find it
curious that Phat Fashions has chosen to object to Victoria's Secret's use of its college
motifs on bags, apparel and accessories, while simultaneously adopting the mark
PINKIE on women's apparel under its BABY PHAT product line.  Accordingly, this letter

---

significantly reduces, if not altogether eliminates, the likelihood that consumers will be confused as to the
source of the parties' products."); cf. Nora Beverages, Inc. v. Perrier Group of Am., Inc., 269 F.3d 114,
122 (2d Cir. 2001).

COLUCCI & UMANS

Nicole E. Kaplan, Esq.                  -7-                February 19, 2008
Brad D. Rose, Esq.


is without prejudice to any other defenses Victoria's Secret has or may have, all of
which are expressly reserved.

Very truly yours,

Frank J. Colucci

FJC/MJP:gg

# Exhibit A



Reg. No. 2,610,656 (**10/01/01**) (Class 3); Reg. No. 3,018,211 (**12/01/03**) (Class 9); Reg. No. 2,802,598 (**01/01/99**) (Class 18); Reg. No. 2,528,508 (**08/01/98**) (Class 25)

Ser. No. 78/750,424 (filed 11/09/05) (Class 20); Ser. No. 78/750,579 (filed 11/09/05) (Class 21); Ser. No. 78/750,687 (filed 11/09/05) (Class 24)

Reg. No. 3,116,645 (**12/01/03**) (Class 9); Reg. No. 2,485,552 (**03/01/98**) (Classes 18, 25)

Reg. No. 3,184,177 (**07/01/03**) (Class 25)

Reg. No. 3,018,212 (**12/01/03**) (Class 9); Reg. No. 3,021,315 (**08/01/02**) (Class 18); Reg. No. 2,600,979 (**10/01/01**) (Class 21); Reg. No. 3,085,753 (**6/25/03**) (Class 25)

Ser. No. 78/750,458 (filed 11/09/05) (Class 20); Ser. No. 78/750,594 (filed 11/09/05) (Class 21); Ser. No. 78/750,702 (filed 11/09/05) (Class 24)

Reg. No. 2,487,976 (**08/01/98**) (Classes 18, 25)

Ser. No. 78/750,432 (filed 11/09/05) (Class 20); Ser. No. 78/750,586 (filed 11/09/05) (Class 21); Ser. No. 78/750,695 (filed 11/09/05) (Class 24)

Ser. No. 78/818,088 (filed 02/17/06) (Class 3); Ser. No. 78/818,091 (filed 02/17/06) (Class 18); Ser. No. 78/818,100 (filed 02/17/06) (Class 25); Ser. No. 78/900,319 (filed 06/05/06) (Class 25)

No application or registration.

\***Bold lettering** indicates date of first use in commerce.

**Exhibit B**





| 7/10/07 Molded convertible t-shirt bra | 8/29/07 Button front v-string | 8/29/07 Racerback pocket | 12/26/07 Thong | 1/16/08 Cuffed short | 1/17/08 Medium wheelie |
|---|---|---|---|---|---|

1/17/08 East West Tote



**Exhibit C**

|  |  IL PERUGINO |  |  |  |
|---|---|---|---|---|
| Reg. No. 1,687,875 (**01/01/1986**) (Classes 25, 18) (Last Applicant/Owner of Record: Pollini S.P.A.) | Reg. No. 2,898,896 (filed 05/21/03) (foreign reg. date 07/17/03) (Class 25) (Last Applicant/Owner of Record: Cidiesse S.R.L.) | Reg. No. 3,199,837 (**07/19/04**) (Class 18) (Last Applicant/Owner of Record: United States Polo Association) | Ser. No. 79/046,826 (filed 11/15/07) (Class 25) (Last Applicant/Owner of Record: Wuxi Guang Ming (Group) Co., Ltd.) | Ser. No. 77/374,213 (filed 01/17/08) (Class 25) (Last Applicant/Owner of Record: Percy Miller) |

*Bold lettering indicates date of first use in commerce.