Philip R. Hoffman, Esq.
Nicole E. Kaplan, Esq.
PRYOR CASHMAN LLP
Attorneys for Plaintiff
410 Park Avenue
New York, New York 10022
(212) 421-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

PHAT FASHIONS LLC,                              :         08 Civ. 02745 (RMB)

                         Plaintiff,          :

   - against -                                   :

VICTORIA'S SECRET STORES BRAND                  :
MANAGEMENT, INC.,
                                              :
                        Defendant.
                                              :
------------------------------------------------------------------x

## PLAINTIFF'S INITIAL DISCLOSURES

      Plaintiff Phat Fashions LLC ("Phat Fashions"), by its attorneys, Pryor Cashman LLP, and in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, provide the following initial disclosures to defendant, subject to the following general qualifications:

      1.     Plaintiff's initial disclosures are based on information available to plaintiff at this point in time and are made without waiver of any statutory, common law or other privilege or protection against disclosure, and/or any objection as to admissibility or relevance of such evidence in this proceeding or in any other proceeding.

      2.     Plaintiff's identification of individuals herein is made without waiver of the right to object, on any grounds, to the particular testimony of any individual.

      3.     Plaintiff's identification of documents herein is based on information available to

plaintiff at this point in time and is made without waiver of the right to object to the relevance or appropriateness of any document and/or the right to object to any document request or other discovery demand on any grounds, including but not limited to overbreadth and/or burden.

4.     Plaintiff expressly reserves the right to revise, supplement and amend the disclosures herein, consistent with the Federal Rules of Civil Procedure.

## INITIAL DISCLOSURE A

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

## RESPONSE TO INITIAL DISCLOSURE A

Plaintiff is currently aware of the following individuals, identified below, who are likely to have discoverable information that plaintiff may use to support its claims. Plaintiff reserves the right to add individuals to this list if and when their identities become known to plaintiff.

1.     **Bernt Ullmann**: Mr. Ullmann is the President of Phat Fashions and has an office at 512 Seventh Avenue, New York, NY. Mr. Ullman has discoverable information with respect to the matters generally alleged in the Amended Complaint ("Complaint").

2.     **Armando Murillo:** Mr. Murillo is Vice President of Licensing Compliance for Phat Farm and has an office at 512 Seventh Avenue, New York, NY. Mr. Murillo has discoverable information about: (a) the various P Leaf & Shield Designs, including the P Laurel Leaf & Shield Design, referred to in the Complaint and Phat Farm's use thereof; (b) the advertising, marketing & promoting of the merchandise sold by Phat Fashions' various divisions, including Phat Farm; and (c) the impact that the sale by Victoria's Secret of merchandise bearing the infringing design may have on Phat Farm's sales.

2

3. **Bob Bruno:** Mr. Bruno is Phat Fashions' Chief Financial Officer and has an office at 512 Seventh Avenue, New York, NY. Mr. Bruno has discoverable information about: (a) the sales of Phat Farm merchandise bearing the trademarks and copyright at issue in the litigation; and (b) the amounts expended on advertising and promoting such merchandise, trademarks and copyright.

4. **Marcie Corbett:** Ms. Corbett is the Vice President, Licensing Compliance for Baby Phat and Kimora Lee Simmons, and was previously the President of Licensing for Phat Fashions. She has an office at 512 Seventh Avenue, New York, NY. Ms. Corbett has discoverable information about: (a) the history of Phat Fashions and Phat Farm; and (b) the actions taken by Phat Fashions to protect its trademarks and copyrights.

5. **Jennifer Schumacher Limpert:** Ms. Limpert is Corporate Communications Coordinator for Kellwood Company and has an office at 600 Kellwood Parkway, St. Louis, Missouri. Ms. Limpert has discoverable information about actual confusion caused by the use of the infringing mark on Victoria's Secret merchandise.

## INITIAL DISCLOSURE B

Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

## RESPONSE TO INITIAL DISCLOSURE B

Plaintiff may use the categories of documents set forth below to support its claims in this action. Plaintiff further incorporates by reference any documents identified by defendant in its Initial Disclosures and reserves the right to add documents to the list set forth below if and when such documents are identified.

1.  Documents concerning the trademarks and copyright referred to in the Complaint, including, but not limited to: (a) trademark and copyright registrations and applications; and (b) the use of such trademarks and copyrights by Phat Fashions and Phat Farm.

2.  The advertising and marketing by Phat Fashions of its Phat Farm and Baby Phat flagship brands.

3.  Documents concerning the sale and success of items bearing the trademarks and copyright referred to in the Complaint.

4.  Documents concerning media attention received by Phat Fashions' clothing, fashion accessories and other merchandise bearing the trademarks and copyright referred to in the Complaint.

5.  Documents concerning efforts made by Phat Fashions to protect the trademarks and copyright referred to in the Complaint.

6.  Documents concerning confusion between the trademarks and copyright referred to in the Complaint and designs now being utilized by Victoria's Secret.

7.  Documents concerning Victoria's Secret's sale of clothing and fashion accessories bearing designs which infringe upon the Phat Fashions' trademarks and copyright referred to in the Complaint

8.  Documents concerning the correspondence exchanged between counsel for the parties prior to the commencement of this litigation.

**INITIAL DISCLOSURE C**

> Provide a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE TO INITIAL DISCLOSURE C**

Plaintiff has not as of yet computed its damages, in part because such computation may be based upon financial information which will be obtained from defendant through discovery. As soon as such computations are undertaken and completed, they will be made available to defendant.

**INITIAL DISCLOSURE D**

Provide for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE TO INITIAL DISCLOSURE D**

There are no such insurance agreements.

Dated: New York, New York
April 30, 2008

PRYOR CASHMAN LLP

By: _____
Philip R. Hoffman
phoffman@pryorcashman.com
Nicole E. Kaplan
nkaplan@pryorcashman.com
Attorneys for Plaintiff
410 Park Avenue
New York, New York   10022
(212) 421-4100

To:   Frank J. Colucci, Esq.
COLUCCI & UMANS
Attorneys for Defendant
218 East 50th Street
New York, New York 10022
(212) 935-5700

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2008, I served the within Plaintiff's Initial Disclosures upon the attorneys for defendant by electronically filing a copy with the Court and, pursuant to the agreement between counsel for the parties to accept service via electronic e-mail where practicable, by causing copies to be sent via electronic mail to the following attorneys at Colucci & Umans:

> Frank J. Colucci, Esq. at FColucci@Colucci-Umans.com.
> David Dahan, Esq. at DDahan@Colucci-Umans.com
> Michael Pampalone, Esq. at MPampalone@Colucci-Umans.com

Dated: New York, New York
April 30, 2008

_____
PHILIP R. HOFFMAN