UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PHAT FASHIONS, INC.,

               Plaintiff,

      v.

VICTORIA'S SECRET STORES BRAND
MANAGEMENT, INC.,

               Defendant.

-------------------------------------------------------x

**Civil Action No.
08 CV 02745 (RMB)(GWG)**

**ECF**

## DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Defendant, VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC. ("Defendant" or "Victoria's Secret"), based on information presently available, hereby makes the following Initial Disclosures pursuant to Fed. R. Civ. P. Rule 26(a), to plaintiff, PHAT FASHIONS, INC. ("Plaintiff" or "Phat Fashions").

**A.**       **KNOWLEDGEABLE INDIVIDUALS**

Defendant's initial disclosure of the identities of potential witnesses is based solely upon such information that Defendant has been able to discover thus far in the amount of time available, as well as Defendant's present analysis of the case. This disclosure shall not, in any way, be deemed a representation that additional witnesses do not exist. Accordingly, this disclosure is subject to Defendant's ability to discover additional individuals with knowledge of facts supporting the material allegations of Defendant's Answer and Affirmative Defenses and/or rebutting the material allegations of Plaintiff's Complaint.

-2-

The names of the individuals who will likely have discoverable information relevant to the disputed facts, claims, or defenses alleged in the pleadings and the subject matter of the information are as follows:

| Name | Title | Subject of Information |
|---|---|---|
| Denise Landman | President - Victoria's Secret Pink | The creation, development, marketing, promotion, advertising and/or sale of merchandise bearing the allegedly infringing designs at issue in this case, as well as the usage of the letter P, shield and/or laurel designs by third parties. |
| Richard Dent | Senior Vice President, Operations - Victoria's Secret Pink | The marketing, promotion, advertising, sale, and financial information relating to the merchandise bearing the allegedly infringing designs at issue in this case. |

Defendant reserves the right to identify additional individuals with knowledge concerning the subject matter of this action as discovery progresses.

**B.    DOCUMENTS**

Defendant agrees to produce and/or make available for inspection, to the extent they exist, certain non-privileged documents and things in its possession, custody, or control that defendant may rely upon to support its claims or defenses including but not necessarily limited to the following categories:

1) Documents evidencing defendant's offering to customers merchandise bearing the allegedly infringing designs that are the subject of this civil action prior to plaintiff's claimed date of publication;

2) Documents evidencing third-party usage of the letter P, shield and/or laurel designs; and

3) Documents supporting defendant's affirmative defenses as set forth in "Defendant's Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint."

Many of defendant's documents and things are proprietary and contain highly confidential information. Accordingly, such documents and things will be produced and/or made available for inspection only after the entry of a suitable protective order.

**C.     DAMAGES**

Defendant seeks its attorneys' fees, costs, and other expenses in defending this action, the total of which is not known at this time. Defendant is not seeking any damages at this time, but expressly reserves its right to supplement this disclosure in the event that a claim for damages is made.

**D.     INSURANCE AGREEMENTS**

Defendant is not aware of any applicable insurance agreement.

\*   \*   \*

Defendant's investigation of the facts and circumstances surrounding the case is ongoing, and Defendant will supplement these disclosures as appropriate under the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendant expressly reserves the right to amend, modify, and/or supplement the information contained herein.

Dated:  New York, New York
        April 30, 2008

                                         **COLUCCI & UMANS**

By: *Frank J Colucci*
Frank J. Colucci (FC-8441)
David M. Dahan (DD-5864)
Michael J. Pampalone, III (MP-1474)
218 East 50th Street
New York, New York 10022
Telephone: (212) 935-5700
Facsimile: (212) 935-5728
Email: email@colucci-umans.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of "Defendant's Initial Disclosures", has been served upon the attorneys for plaintiff by electronically filing a copy with the Court and, pursuant to the agreement between counsel for the parties to accept service via electronic mail, by causing copies to be sent via electronic mail to plaintiff's attorneys, Philip R. Hoffman. Esq. (PHoffman@pryorcashman.com) and Nicole E. Kaplan, Esq. (NKaplan@pryorcashman.com), on this 30th day of April 2008.

_____
Michael J. Pampalone