Berman/S

**MEMO ENDORSED**
As amended on p 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PHAT FASHIONS LLC,                :    08 Civ. 02745 (RMB)

                Plaintiff,    :    **STIPULATED PROTECTIVE ORDER**

   - against -                       :

VICTORIA'S SECRET STORES BRAND    :
MANAGEMENT, INC.,
                                  :
                Defendant.
                                  :

------------------------------------------------------------x

[ELECTRONICALLY FILED]
DATE FILED: 5/6/08

    WHEREAS, certain documents and information have been and may be sought, produced exhibited or disclosed by and between the parties in this action (the "Action") which relate to the parties' trade secrets, financial information, competitive information, privileged information, personnel information, development or other kinds of commercially sensitive or proprietary information which the party making the production deems confidential; and

    WHEREAS, the parties in this Action, through their respective counsel, wish to enter a protective order preserving the confidentiality of certain documents and information and respectfully request that this Court so enter this Protective Order;

    IT IS HEREBY STIPULATED AND AGREED THAT:

    1.    This Protective Order shall govern the treatment of all documents, the information contained therein, and all other information produced or disclosed during the Action, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party or other person in this Action (the "producing party") to any other party (the "discovering party"), when the foregoing are designated in accordance with the procedures set forth herein.

This Protective Order is binding upon the parties to the Action, including their respective corporate parents, successors and assigns, and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Protective Order.

2. "Confidential Information" as used herein means any material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the producing party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed. In designating material as "CONFIDENTIAL," the producing party will make such designation only as to that material that the producing party believes in good faith constitutes confidential, personal, privileged or proprietary information of the producing party or which is of such a highly sensitive nature that the producing party believes in good faith that such information could be used to its detriment by the discovering party or others unless disclosure is restricted to only those persons to whom access is essential for the prosecution or defense of the Action and its use is restricted to the sole and exclusive purpose of resolving the disputed issues of fact and law in this Action. Material which is available to the public, including advertising or promotional materials and the like, shall not be designated as "CONFIDENTIAL."

3. Specific documents and interrogatory answers produced by a producing party shall, if appropriate, be designated as "CONFIDENTIAL" by placing the legend "**CONFIDENTIAL**" on the first page of the document or interrogatory answer and, if less than the entire document or fewer than all of the interrogatory answers, then on the confidential portions thereof designated, prior to their production. For all multi-page documents, designation of confidentiality for all pages may be made by employing the legend "**CONFIDENTIAL**" on the first page only.

4. Any information contained in or related to material produced or provided in the Action for inspection is to be treated by the discovering party as Confidential Information pending the copying and delivery of any copies of same by the producing party to the discovering party.

5. Information disclosed at a deposition taken in connection with this Action may be designated as "CONFIDENTIAL" by:

    a. a producing party (or its counsel) designating testimony as "CONFIDENTIAL" on the record during the taking of the deposition; or

    b. a producing party (or its counsel) notifying all other parties in writing, within fourteen (14) calendar days of receipt of the final transcript of a deposition, that specific pages and lines of the transcript are designated as "CONFIDENTIAL", whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.

6. Confidential Information shall be disclosed by the discovering party only to the following persons:

    a. outside counsel employed by the discovering party to assist in the Action; the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Action subject to compliance with paragraph 12 of this Protective Order;

    b. such officers and employees of the discovering party, including in-house counsel, as outside counsel for that party deem necessary for the sole purpose of assisting

in this Action subject to compliance with paragraph 12 of this Protective Order;

c.   any outside consultant or expert who is assisting counsel or a party to the Action to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Action, subject to compliance with paragraph 12 of this Protective Order;

d.   the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Action; and

e.   stenographic employees and court reporters recording or transcribing testimony relating to the Action.

7.   The parties may also designate a limited class of Confidential Information as "Confidential – Counsel Only," which shall be inspected by, or described, summarized, stated or otherwise characterized or disclosed only to outside counsel of record for any party, including partners, other attorneys, legal assistants or other employees of counsel of record performing support services for such attorneys and legal assistants in the preparation of this Action for trial, in-house counsel for a party or to the persons identified in paragraphs 6(c), 6(d) and 6(e) of this Protective Order as outside counsel for that party deem necessary for the sole purpose of assisting in this Action, subject to compliance with paragraph 12 of this Protective Order.

8.   Persons having knowledge of any Confidential Information produced in discovery in this Action by virtue of their participation in the conduct of the Action shall use such Confidential Information only in connection with the prosecution or appeal of the Action and shall neither use such Confidential Information for any other purpose nor disclose such information or the substance thereof to any person who is not listed in paragraph 6 of this Protective Order (or, in the case of documents designated "Confidential – Counsel Only," to any person who is not

listed in paragraph 7 of this Protective Order).

9. Nothing shall prevent disclosure beyond the terms of this Protective Order if the producing party designating the material as "CONFIDENTIAL" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

10. Any party which is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party must give immediate written notice to that original producing party of such subpoena or other notice. Upon receiving such notice, the original producing party shall bear the burden to oppose compliance with the subpoena, if it deems it appropriate to do so.

11. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will take all reasonable steps to limit access to Confidential Information to those persons listed in paragraph 6 of this Protective Order (or, in the case of documents designated "Confidential – Counsel Only," to any person who is not listed in paragraph 7 of this Protective Order). Confidential Information produced or provided by any producing party will be kept in the discovering party's outside counsels' possession and/or in the possession of the discovering party's outside consultants or experts or other persons entitled to receive copies of the documents pursuant to paragraph 6 of this Protective Order.

12. Prior to the disclosure of any Confidential Information to any person identified in paragraph 6 of this Protective Order (other than the Court, its staff and stenographers), such person shall be provided with a copy of this Protective Order, which he or she shall read and upon reading shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all written

acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms, shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court in camera. Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute acknowledgments.

13. Any producing party may redesignate as "Confidential" or "Confidential – Counsel Only," under paragraph 3 of this Protective Order (or withdraw a designation regarding confidentiality) any material, deposition transcripts or portions thereof ("redesignated material") that it has produced or that has been provided to the parties during the course of this action, such as deposition transcripts and portions thereof; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall not make any further disclosure or communication of such redesignated material except as provided for in this Protective Order.

14. Any party may request at any time permission to disclose Confidential Information to a person other than those permitted under paragraph 6, or if applicable paragraph 7, of this Protective Order (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon the producing party's counsel. Any such request shall state the material the party wishes to disclose and to whom it wishes to make disclosure, and shall reasonably identify the purpose therefor without disclosing any attorney work product or attorney client communications. The producing party or its counsel shall thereafter respond to

the request in writing (by hand delivery, courier or facsimile transmission) within ten (10) calendar days of its receipt of such request; and if consent is withheld, it shall state the reasons why consent is being withheld. A failure so to respond within such ten-day period shall constitute a denial of the request. If, where consent is withheld, the requesting party and the producing party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the producing party's designation of the material as "CONFIDENTIAL" unless and until differing treatment is directed pursuant to any order of the Court.

15. Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" by serving a written objection upon the producing party's counsel. The producing party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier or facsimile transmission) to such objection in writing by either: (a) agreeing to remove the designation; or (b) stating the reason why the designation was made. If the objecting party and the producing party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the producing party unless and until the Court orders otherwise.

16. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's outside counsel from rendering advice to its clients with respect to this Action, and in the course thereof, relying upon Confidential Information, provided that in rendering such

advice, outside counsel shall not disclose any other party's Confidential Information unless and other than as permitted by this Protective Order.

17. Inadvertent production of any document or information, including information which is disclosed during a deposition, without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the producing party from designating said document or information as "CONFIDENTIAL" at a later date. Disclosure of said document or information by any party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the redesignated material shall make a reasonable effort to procure all copies of such redesignated material from any persons known to have possession of any such redesignated material who are not entitled to receipt thereof under paragraph 6, or if applicable paragraph 7, of this Protective Order and have such persons sign on to the certification attached as Exhibit A hereto.

18. Except as agreed in writing by counsel of record, to the extent that any Confidential Information is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Confidential Information shall be filed as a Sealed Document. All documents, filed under seal pursuant to this Protective Order shall be filed in a sealed envelope and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified with the caption of

this action, a general description of the sealed contents and shall bear the following statement which shall also appear on the sealed envelope:

### CONFIDENTIAL

**CONTENTS HEREOF ARE CONFIDENTIAL AND ARE SUBJECT TO A COURT-ORDERED PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF SUCH CONTENTS**

19. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

20. Upon the conclusion of the Action, including any appeals related thereto, at the written request and option of the producing party, all Confidential Information and any and all copies thereof, shall be returned within sixty (60) calendar days to the producing party, provided, however, that counsel may retain their attorney work product and all court-filed documents shall remain subject to the terms of this Protective Order. In the alternative, either the producing party or the person receiving the Confidential Information may elect to have the same destroyed. At the written request of the producing party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Confidential Information shall deliver to the producing party a letter confirming that reasonable efforts have been made to assure that all such Confidential Information and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Confidential Information (except for attorney work product and court-filed documents as stated above) have been destroyed or delivered in accordance with the terms of this Protective Order.

21. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall as soon as possible upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

22. The foregoing provisions concerning confidentiality shall only apply to pretrial proceedings and to matters provided in pretrial discovery and designated as confidential, and shall not affect the conduct of trial or of any hearing in open court. The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court.

23. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any other party or the Court.

24. Nothing herein shall operate as an admission by any of the parties hereto that any particular material contains or reflects trade secrets, or other confidential or proprietary information.

25. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

26. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) and/or Rule 37 of the Federal Rules of Civil Procedure.

27. Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a producing party for purposes of this Protective Order.

Dated: New York, New York
April 30, 2008

*[Handwritten addition: The Court retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.]*

PRYOR CASHMAN LLP

By: _____
Philip R. Hoffman
phoffman@pryorcashman.com
Attorneys for Plaintiff
410 Park Avenue
New York, New York 10022
(212) 421-4100


COLUCCI & UMANS

By: _____
Frank J. Colucci.
FColucci@Colucci-Umans.com.
Attorneys for Defendant
218 East 50th Street
New York, New York 10022
(212) 935-5700


SO ORDERED:

_____
RMB
U.S.D.J.
5/6/08

11

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| PHAT FASHIONS LLC, | : | 08 Civ. 02745 (RMB) |
| Plaintiff, | : | |
| - against - | : | **PROTECTIVE ORDER** |
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., | : | |
| Defendant. | : | |

------------------------------------------------------------x

**CERTIFICATION**

The undersigned hereby acknowledges that, having read the attached Stipulation and Protective Order filed in this action on _____, 2008, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to and not to contest the jurisdiction and venue of the Court and understands that the Court may impose sanctions for any violation of the attached Stipulation and Protective Order.

_____
Date

_____
Name (typed or printed)

_____
Signature